# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

WILLIAM FULTON,
Plaintiff,

**Case No.:** 21-12233
**Hon.**

vs.

AVIS CAR RENTAL, INC.
AVIS BUDGET CAR RENTAL, LLC
Defendant.

| | |
|---|---|
| Matthew Broderick (P47403)<br>30701 Barrington Suite 100<br>Madison Heights, MI 48071<br>Telephone: (248) 588-1882<br><br>Attorney for Plaintiff<br>WILLIAM FULTON | Jaclyn R. Giffen (P75316)<br>jgiffen@littler.com<br>LITTLER MENDELSON P.C.<br>200 Renaissance Center, Suite 3110<br>Detroit, Michigan 48243<br>Telephone: 313.446.6400<br>Fax No.: 313.446.6405<br><br>Attorneys for Defendants<br>AVIS CAR RENTAL, INC.<br>AVIS BUDGET CAR RENTAL, LLC |

## DEFENDANTS AVIS CAR RENTAL, INC., AND
## AVIS BUDGET CAR RENTAL, LLC'S NOTICE OF REMOVAL

Defendants, Avis Car Rental, Inc.[1] and Avis Budget Car Rental, LLC, by their attorneys Littler Mendelson, P.C., give notice that the above action is removed from the Circuit Court for the County of Wayne, State of Michigan, in which Court said cause is now pending, to the United States District Court for the Eastern District of

---

[1] No such legal entity known as "Avis Car Rental, Inc." exists in any state.

Michigan pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support thereof, Defendants state as follows:

1. On June 2, 2021, 2021, Plaintiff filed an action entitled *William Fulton v. Avis Car Rental, Inc. and Avis Budget Car Rental, LLC* in the Circuit Court for the County of Wayne, State of Michigan ("Wayne County Circuit Court"), Case No. 21-006672-CZ. (Declaration of Pamela Perry, ("Perry Decl.") ¶4, Ex. 1 to Perry Decl.).

2. Plaintiff was employed by Avis Rent A Car System, LLC located at the Detroit Metropolitan Airport. (Perry Decl. ¶8). The Complaint alleges violations of the Persons With Disabilities Civil Rights Act ("PDCRA").

3. On September 1, 2021, Plaintiff effected service upon Defendant Avis Budget Car Rental, LLC's resident agent, CSC, of a Summons and Complaint. (Ex. 1 to Perry Decl.).

4. Avis Car Rental, Inc. is not an existing business entity and as such, has not been served with the Summons and Complaint.

5. The documents attached to Exhibit A to Exhibit 1 constitute all process, pleadings, and orders served upon Defendant Avis Budget Car Rental, LLC in this action. *Id.*

6. This Court has original jurisdiction over this action under 28 U.S.C. § 1332 (diversity of citizenship) and Defendants may remove the action to this Court

2

under 28 U.S.C. § 1441 because it is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different states, as more fully shown below.

7. Upon information and belief, at the time Plaintiff filed this action and at the present time, Plaintiff was and is a citizen of the State of Michigan who resides in Wayne County, Michigan. (Ex. 1, ¶2 to Perry Decl.).

8. For purposes of assessing diversity jurisdiction, the citizenship of a limited liability corporation is the citizenship of each of its members. *VeriCorr Packaging, LLC v. Osiris Innovations Grp., LLC*, 501 F. Supp. 2d 989, 990–91 (E.D. Mich. 2007).

9. The sole member of Avis Budget Car Rental, LLC is Avis Budget Holdings, LLC. (Perry Decl. ¶4). The sole member of Avis Budget Holdings, LLC is Cendant Finance Holding Company, LLC. *Id.* The sole member of Cendant Finance Holding Company, LLC is Avis Budget Group, Inc. *Id.* Accordingly, Defendant Avis Budget Car Rental, LLC is a citizen of every state where Avis Budget Group, Inc. is a citizen. For diversity jurisdiction purposes, a corporation such as Avis Budget Group, Inc. is deemed a citizen of its State of incorporation and the State where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Avis Budget Group, Inc. is incorporated under the laws of the State of Delaware. (Perry Decl. ¶5). Avis Budget Group, Inc.'s corporate headquarters are located in

the State of New Jersey. *Id.* Moreover, a majority of Avis Budget Group, Inc.'s executive and administrative functions are located in the State of New Jersey. *Id.* Thus, Avis Budget Group, Inc.'s principal place of business is in the State of New Jersey, and it is therefore also a citizen of the State of New Jersey for the purpose of determining diversity of citizenship.

10. Defendant Avis Car Rental, Inc. is not an existing business entity in any state. For this reason, it has no state(s) of citizenship.

11. This is an action between citizens of different states for purposes of 28 U.S.C. § 1332 because Plaintiff is a citizen of Michigan and Defendant Avis Budget Car Rental, LLC is a citizen of Delaware and New Jersey.

12. Diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) also requires the amount in controversy, exclusive of interests and costs, to be in excess of $75,000.

13. In his Complaint, Plaintiff alleges the amount in controversy exceeds $25,000, which is the required threshold for Michigan Circuit Court actions. (Ex. 1, ¶5 to Perry Decl.). The allegations set forth in the Complaint and the damages articulated therein make clear that Plaintiff is actually seeking damages in excess of $75,000.

14. In his Complaint, Plaintiff alleges he has "sustained injuries and damages, including the loss of earnings and earnings capacity; loss of fringe and pension benefits; mental and emotional distress; humiliation and embarrassment;

4

loss of career opportunities; and loss of the ordinary pleasures of everyday life, including the right to seek and pursue a gainful occupation of choice." (Ex. 1, ¶24 to Perry Decl.). He requests compensatory damages in an amount over $25,000; exemplary damages in an amount over $25,000, an award of back pay and the value of lost fringe benefits and pension benefits, past and future. (Ex. 1, Legal Relief p. 5, ¶1 to Perry Decl.).

15. Plaintiff was earning approximately $500.00 a week at the time his employment ended in February 2018. (Perry Decl., ¶10). Plaintiff's termination was effective on or about February 23, 2018, and Plaintiff is alleging wage loss beginning on February 26, 2018. (Ex. 1, ¶¶11, 24, 30 to Perry Decl.).

16. The latest available statistics from the Administrative Office of the United States District Courts reflect that for the twelve-month period ending March 31, 2020, the median interval from filing to trial in civil cases in the Eastern District is 33.3 months. Should this case proceed to trial in June 2024, Plaintiff's alleged lost wages through that date will total approximately $163,000 ($500 x 326 weeks).

17. Plaintiff seeks reinstatement in addition to monetary damages. (Ex. 1, Equitable Relief p. 5, ¶2 to Perry Decl.). As such, three years' front pay is a reasonable factor to consider in calculating the amount of controversy. *See, e.g., Knuffman v. Mcwane Inc.*, 2016 WL 829964, at *1 (C.D. Ill. March 3, 2016)

(including three years of front pay when calculating amount in controversy for purposes of diversity removal of retaliatory discharge claim).

18. Plaintiff is also seeking in excess of $25,000 in compensatory damages which may be considered in determining the amount in controversy. *Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 479–80 (6th Cir. 2014) (Ex. 1, Legal Relief p. 5, ¶1 to Perry Decl.). Damages available to a plaintiff in an ELCRA action include emotional distress damages. *See Mitchell v. White Castle Sys., Inc.*, No. 94-1193, 1996 WL 279863, at *2 (6th Cir. May 24, 1996) (considering emotional distress damages in finding amount in controversy requirement was satisfied); *Block v. Sears Roebuck and Co.*, No. 07-15323, 2009 WL 36483, at *4 (E.D. Mich. Jan. 6, 2009) ("ELCRA permits emotional distress damages"). Based on Plaintiff's own assertion, these damages could exceed $25,000 if proven. (Ex. 1, Legal Relief p. 5, ¶1 to Perry Decl.).

19. Taking these damages claims together, the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and thus the amount in controversy requirement is satisfied. *See Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002) ("The district court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000.").

20. Pursuant to 28 U.S.C. § 1446(b), Defendants filed this Notice of Removal within thirty (30) days of their receipt of the Summons and Complaint.

21. Pursuant to 28 U.S.C. § 1446(d), Defendants served a copy of this Notice of Removal upon Plaintiff and forwarded a copy of the Notice for filing to the Wayne County Circuit Court Clerk.

**WHEREFORE**, Defendants, Avis Car Rental, Inc. and Avis Budget Car Rental, LLC, notice of removal of this cause from the Wayne County Circuit Court to this Court.

*/s/ Jaclyn R. Giffen*
Jaclyn R. Giffen (P75316)
jgiffen@littler.com
LITTLER MENDELSON P.C.
200 Renaissance Center, Suite 3110
Detroit, MI  48243
Telephone: 313.446.6400
Facsimile:  313.446.6405

*Attorneys for Defendants*
*Avis Car Rental, Inc. and Avis Budget*
*Car Rental, LLC*

Dated:         September 22, 2021

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served upon all parties and/or attorneys of record to the above cause herein at their respective addresses as disclosed on the pleadings on September 22, 2021, via:

|          |            |          |                 |
|----------|------------|----------|-----------------|
| _____   | U. S. Mail | _____   | Facsimile       |
| __X__    | ECF Filing | _____   | Hand Delivery   |
| _____   | E-Mail     | _____   | Federal Express |

*/s/ Jaclyn Giffen*
Jaclyn Giffen